```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                             CRIMINAL ACTION NO. 2:13-00090-05

**TERRY MULLINS**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On January 5, 2016, the United States of America appeared by John J. Frail, Assistant United States Attorney, and the defendant, Terry Mullins, appeared in person and by his counsel, Christian M. Capece, Federal Public Defender, for a hearing on the petition on supervised release and amendments thereto submitted by United States Probation Officer Justin L. Gibson.  The defendant commenced a three-year term of supervised release in this action on October 30, 2015, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on October 30, 2013.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant failed to report to the probation office within 72 hours of his release from custody on October 30, 2015, inasmuch as he did not report to the probation office until November 4, 2015; (2) the defendant committed the state and local offense of grand larceny inasmuch as on November 8, 2015, ten days after his release from custody, he stole various items, the value of which was assessed at $2,221, as evidenced by the defendant's admission on the record of the hearing that the government possesses sufficient proof to prove the offense by a preponderance of the evidence; (3) the defendant used and possessed controlled substances as evidenced by the defendant's admission to the probation officer on November 4, 2015, that he had used methamphetamine; and a positive urine specimen submitted by him on November 30, 2015, for hydrocodone and hydromorphone for which he did not have a prescription; and (4) the defendant failed to report for a urine screen as instructed on November 20, 2015; all as admitted by the defendant on the record of the hearing with the exception of

(2) as set forth above and all as set forth in the petition on supervised release and amendments thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of thirty (30) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition

that he participate fully in, and successfully complete, the long-term residential addiction recovery program at Four Seasons Recovery Center in Bluefield, West Virginia, for a period of 9 to 12 months, and follow the rules and regulations of the facility.  If feasible, the defendant shall be transported directly from his place of incarceration to Four Seasons Recovery Center.  Once released from the program, the defendant shall continue to participate in drug abuse counseling and treatment as directed by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  January 11, 2016

John T. Copenhaver, Jr.
United States District Judge