```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:13-00090-05

**TERRY MULLINS**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On September 25, 2017, the United States of America appeared by John J. Frail, Assistant United States Attorney, and the defendant, Terry Mullins, appeared in person and by his counsel, Christian M. Capece, Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Justin L. Gibson. The defendant commenced a 30-month term of supervised release in this action on May 24, 2016, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on January 11, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant violated federal and state law inasmuch as on July 7, 2017, pursuant to a voluntary search of his vehicle by two parole officers, the defendant was found to be in possession of two hydrocodone pills and nineteen oxycodone pills without a prescription by a physician, as well as two LSD stamps, as evidenced by the defendant's admission on the record of the hearing that the government possesses sufficient proof to prove the violations by a preponderance of the evidence; (2) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on April 21, 2017, for amphetamine, methamphetamine and oxycodone, the defendant having admitted to the probation officer on May 10, 2017, that he used methamphetamine prior to screen, and that he had used methamphetamine on or about May 2, 2017; a positive urine specimen submitted by him on May 17, 2017, for amphetamine and methamphetamine; and a positive urine specimen submitted by him on July 7, 2017, for amphetamine and methamphetamine, the defendant having admitted to the probation officer on July 8, 2017, that he used methamphetamine on July 6, 2017; (3) the

defendant left the judicial district, the Southern District of West Virginia, without permission inasmuch as on July 7, 2017, the probation officer received a phone call from a West Virginia Division of Corrections Parole Officer who indicated that the defendant had transported one of their female clients, Anne Jarvis, to the Elkins Parole Office located in the Northern District of West Virginia; (4) the defendant associated with a person convicted of a felony without the permission of the probation officer inasmuch as on July 7, 2017, the defendant, as set forth above, was in the company of Anne Jarvis who is a convicted felon; (5) the defendant failed to report for urine screens as instructed on June 2 and 14, 2017; (6) the defendant failed to attend individual substance abuse counseling as instructed in May and June, 2017; and (7) the defendant failed to complete an inpatient substance abuse treatment program for a period of 28 days as directed by the probation officer inasmuch as he entered Prestera at Pinecrest on June 9, 2017, and was terminated on June 26, 2017, after failing to abide by facility rules; all as admitted by the defendant on the record of the hearing with the exception of (1) as set forth above and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS, to be followed by a term of twenty-two (22) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he spend a period of six (6) months in a residential facility that will permit him

to work while he receives the benefit of drug abuse counseling and treatment.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 26, 2017

John T. Copenhaver, Jr.
United States District Judge